UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTONIO JULIUS BRADLEY, SR,

                         Plaintiff,

         v.

BRANDON MIRES, et al.,

                         Defendants.

Case No. C22-5806-JHC-SKV

REPORT AND RECOMMENDATION

Plaintiff, Antonio Julius Bradley, Sr., proceeds pro se and *in forma pauperis* in this civil rights action.  Dkt. 1.  Plaintiff is a pre-trial detainee presently confined at Pierce County Jail in Tacoma, Washington.  *See id*.  He brings a claim under 42 U.S.C. § 1983 against Sergeant Brandon Mires, Officer Sylvester Weaver, and Officer Bret Terwilliger of the Tacoma Police Department.  Dkt. 4 at 3-4.  He alleges Defendants used excessive deadly force against him in violation of his Eighth Amendment rights when, on September 2, 2020, they allegedly collectively fired thirty-one rounds of bullets at him.  Dkt. 4 at 4-5.  Plaintiff was struck by two bullets—one in his stomach and one in his back.  *Id.*; *see also* Dkt. 4-1, at 20 (Exhibit C).  He is seeking 3.5 million dollars in monetary relief for his alleged pain and suffering caused by Defendants in their individual and official capacities.  *Id.* at 9.

1      Defendants move to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) for failure

2  to allege a cognizable Eighth Amendment violation.  Dkt. 11 at 4 ¶ 2.  In the alternative, Defendants

3  request a stay of this action pending conclusion of the underlying criminal proceeding.  Dkt. 11 at

4  5.  In response to Defendants' motion, Plaintiff requests to stay this action until the state criminal

5  action is concluded.  Dkt. 15.

6      Having considered the parties' submissions, the balance of the record, and the governing

7  law, the Court recommends staying this section 1983 action until Plaintiff's criminal proceeding

8  concludes.

9                FACTUAL AND PROCEDURAL HISTORY

10      On September 2, 2020, Officers Weaver and Terwilliger and Sergeant Mires responded to

11  a report of shots fired in the 3800 Block of D Street in Tacoma, Washington.  Dkt. 12 at 9 ¶ 3.  The

12  events following their arrival on the scene are contested.  Dkt. 4 at 5.  The Forensic Services report

13  attached to the complaint states that the officers collectively discharged thirty-one rounds from

14  their service weapons at Plaintiff.  *Id.*; *see also* Dkt. 4-1 at 3-11 (Exhibit B).  Sergeant Mires fired

15  fourteen rounds from the south, Officer Weaver fired four rounds from the south, and Officer

16  Terwilliger fired thirteen rounds from the north.  Dkt. 4-1 at 2 ¶ 7 (Exhibit A).  The report also

17  notes that no other "bullet impacts or other potential evidence" was recovered from the scene.  *Id.*

18  at ¶ 11.  External video cameras on a nearby home captured "some officer activity to the north,"

19  but did not capture the shooting.  *Id* at ¶ 10.  Plaintiff alleges that Defendants used excessive deadly

20  force due to the sheer "amount [sic] of shots fired at [him] by Tacoma Police."  Dkt. 4 at 5.  He

21  asserts that "due to several officers shooting at [him] it was hard to determine if [he] even fired

22  shots at the officers involved, as they claimed [he] did to justify their use of excessive deadly

23  force" against him.  *Id.*  Medical records provided by Plaintiff confirm that he was struck twice by

1    gunfire.  Dkt. 4-1 at 20 (Exhibit C).  Plaintiff states that his liver was damaged by the bullets and

2    that he suffers from nightmares due to the incident.  Dkt. 4 at 5.

3           Attached to Defendants' declaration in support of the motion are several Pierce County

4    Superior Court public records that verify there is an ongoing state criminal proceeding against

5    Plaintiff arising from this event.  Dkt. 12 at Exs. 1, 3-5.  Plaintiff is charged with two counts of

6    first-degree assault and one count of unlawful possession of a firearm.  Dkt. 12, Ex. 1.  Sergeant

7    Mires is the alleged victim of one of Plaintiff's assault charges, and the criminal prosecutor is

8    seeking to enhance the charge under RCW 9.94A.535(3)(v), for assault on a peace officer lawfully

9    exercising their duties.  *Id*. at 6 ¶ 2.

10    <u>DISCUSSION</u>

11    A.  <u>Standard of Review</u>

12           For a complaint to survive a motion to dismiss, Federal Rule of Civil Procedure 8(a)(2)

13    requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

14    Factual allegations do not need to be detailed, but they must be sufficient to give Defendants "fair

15    notice of what the . . . claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S.

16    41, 47 (1957).  Courts ruling on a motion to dismiss "must accept as true all of the factual

17    allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell*

18    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *Lee v. City of L.A.*, 250 F.3d 668, 688

19    (9th Cir. 2001) ("[F]actual challenges to a plaintiff's complaint have no bearing on the legal

20    sufficiency of the allegations under Rule 12(b)(6).").  "The Rule 8 standard contains a powerful

21    presumption against rejecting pleadings for failure to state a claim," and the Court's review of a

22    complaint under a motion to dismiss is a limited task.  *Gillian v. Jamco Dev. Corp.*, 108 F.3d 246,

23    249 (9th Cir. 1997); *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (explaining "it may appear

on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test"). This presumption is even stronger when a plaintiff proceeds pro se without assistance of counsel in civil rights matters. *Hebbe v. Pliler*, 627 F.3d 338, 342 (2010); *Erickson*, 551 U.S. at 94 ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A motion to dismiss should be granted only if it "appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (quoting *Conley*, 355 U.S. at 45-46).

B. <u>Motion to Dismiss</u>

Plaintiff claims Defendants used excessive deadly force against him in violation of his Eighth Amendment rights. Dkt. 4 at 4. Eighth Amendment claims, however, are "reserved for 'those convicted of crimes.'" *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley v. Albers*, 475 U.S. 312, 318 (1986)). Given that Plaintiff has not been convicted of any crimes related to the event, Defendants correctly point out that he lacks standing to bring this claim under the Eighth Amendment. Dkt. 11 at 4 ¶ 2, 5; *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

Instead, allegations of excessive force in the course of an arrest are properly scrutinized under the Fourth Amendment. *Tenn. v. Garner*, 471 U.S. 1, 7 (1985) ("[A]pprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment."); *see also Graham v. Connor*, 490 U.S. 386, 387 (1989). And while it is true that the Court may not "supply essential elements of the claim not initially pled," *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982), it is equally true that pro se litigants are not expected to plead

with technical certainty. *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 247 n. 3 (4th Cir. 2005) ("*Slade*'s erroneous citation to the Eighth Amendment" as a pre-trial detainee "does not mean that he failed to raise a [constitutional] claim."). If relief under any legal theory is "plausibly . . . suggested by the facts alleged," a complaint should not be dismissed. *Id.* at 248.

Here, Plaintiff's complaint clearly articulates a claim for excessive force and the facts contained therein are sufficient to provide Defendants notice of the claim and the grounds upon which it rests. *See* Dkt. 11 at 5 ¶ 1 ("[D]efendants recognize that court[s] will construe pro se pleadings liberally."). When Defendants allegedly shot Plaintiff, he was seized within the meaning of the Fourth Amendment. *Torres v. Madrid*, 141 S. Ct. 989, 999 (2021) (holding that a person is seized the moment they are struck by a police officer's bullet). And Plaintiff asserts that "the amount [sic] of shots fired at [him] by Tacoma Police is considered 'excessive.'" Dkt. 4 at 5. Though Plaintiff erroneously cites the Eighth Amendment as the basis for his requested relief, correcting this technicality does not construct legal arguments that Plaintiff has not made. *See id.* As such, the Court should construe Plaintiff's complaint as arising under the Fourth Amendment. *See Byrd v. Maricopa County Sheriff's Dept.*, 629 F.3d 1135, 1137 n. 3 (9th Cir. 2011) (affirming recharacterization of Eighth Amendment excessive force claim brought by pro se pre-trial detainee as rising under Fourth Amendment). Properly construed, Plaintiff's complaint is sufficiently plead. Defendants' motion to dismiss should be denied.

C. Motion to Stay

As an alternative to dismissing the case, Defendants ask the Court to take judicial notice of pending criminal charges against Plaintiff that stem from the same events upon which he bases

1   his complaint, and to stay this matter until the criminal proceeding concludes.[1]    Dkt. 11 at 2 ¶ 2,

2   5.

3        When a plaintiff files a federal claim "related to . . . [a] pending or anticipated criminal

4   trial," it is "common practice" for district courts to "stay the civil action until the criminal case or

5   the likelihood of a criminal case" has concluded.  *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007);

6   *citing Heck v. Humphrey*, 512 U.S. 477, 487-88 n. 8 (1994) (noting that an ad hoc "abstention may

7   be an appropriate response to the parallel state-court proceedings"); *see also, e.g.*, *Quackenbush v.*

8   *Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) ("Though . . . the power to abstain [is located] in the

9   historic discretion exercised by federal courts 'sitting in equity,' . . . [we] have recognized that"

10  the authority to abstain "extends to all cases in which the court has discretion to grant or deny

11  relief.").  "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that

12  conviction, *Heck* will require dismissal.  Otherwise, the civil action may proceed at that point,

13  absent some other bar to suit."  *Wallace*, 549 U.S. at 394; *see Heck*, 512 U.S. at 487; *see also*

14  *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

15       Pierce County Superior Court records confirm that the criminal charges pending against

16  Plaintiff arise from the same series of events as the present case and involve overlapping issues of

17  fact.  Dkt. 12 at 9-11, Ex. 2.  Parallel litigation may risk Plaintiff's defense strategy in the criminal

18  case.  *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019) (explaining that civil discovery as part

19  of parallel litigation undermines the criminal defendant's privilege against self-incrimination).  For

20  example, whether the officers used excessive deadly force depends at least in part on whether

21  Plaintiff initiated the exchange of gun fire and whether police continued to use deadly force after

22

23
_____

[1] Fed. R. Evid. 201 permits judicial notice of undisputed matters.  Pursuant to the doctrine of incorporation by reference, Courts in the Ninth Circuit may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. *Lee*, 250 F.3d at 689; Fed. R. Civ. P. 56.

incapacitating Plaintiff. *See Cunningham v. Gates*, 312 F.3d 1148, 1154 (9th Cir. 2002). Furthermore, the determination of whether officers were acting within the scope of their duties will be relevant to whether the deadly force they used against Plaintiff was excessive. *Velarde v. Duarte*, 937 F. Supp. 2d 1204, 1209-10 (S.D. Cal. 2013) ("A[n] [officer] acts within the scope of his or her duties only when he or she acts reasonabl[y] and without excessive force."). Lastly, parallel litigation of this sort "run[s] counter to core principles of federalism, comity, consistency, and judicial economy." *McDonough*, 139 U.S. at 2158. Thus, abstention is warranted under *Wallace* and its progeny, and the Court recommends staying this matter until the underlying criminal proceedings have concluded. The Court need not address whether Plaintiff's claim will ultimately be barred under *Heck*, because such a bar cannot be considered unless and until Plaintiff is convicted of his charges. *See Wallace*, 549 U.S. at 393.

<u>CONCLUSION</u>

Defendants' motion to dismiss should be DENIED. The parties' request for a stay pending the conclusion of the underlying criminal case in Pierce County Superior Court should be GRANTED. A proposed order accompanies this Report and Recommendation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## OBJECTIONS

2       Objections to this Report and Recommendation, if any, should be filed with the Clerk and

3 served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

4 and Recommendation is signed.  Failure to file objections within the specified time may affect

5 your right to appeal.  Objections should be noted for consideration on the District Judge's motions

6 calendar for the third Friday after they are filed.  Responses to objections may be filed within

7 **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be

8 ready for consideration by the District Judge on **March 24, 2023**.

9       Dated this 1st day of March, 2023.

10

11

12

S. KATE VAUGHAN
United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 8